P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
KERR SIMPSON ATTORNEYS AT LAW
2900 Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451–2055
george@kerrsimpsonlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TIMOTHY MCCOY, an individual; KENNETH KENNEDY, an individual; ALISSA KING, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LAS VEGAS, a political entity; Officer JORGE CALOCA, an individual; Officer M. FRAZIER an individual; Officer P. WOLDEHAWARIAT, an individual; Officer A. PALTAO, an individual; Officer J. GALLEGOS, an individual;<br><br>Defendants. | Case No.: 2:25-cv-361<br><br>**COMPLAINT FOR**<br><br>1) **Violation of Constitutional Rights 42 U.S.C. §1983**<br>2) **Monell Claim/Violation of Constitutional Rights against CITY OF LAS VEGAS**<br>3) **Assault and Battery**<br>4) **Intentional Infliction of Emotional Distress** |

COMES NOW Plaintiffs, TIMOTHY MCCOY, KENNETH KENNEDY, AND ALISSA KING, by and through their attorney, George E. Robinson of Kerr Simpson Attorneys at Law, and for his cause of action against each of the Defendants, alleges as follows:

## PARTIES

1.    At all relevant times mentioned herein, Plaintiff TIMOTHY MCCOY, was and is a resident of the state of Nevada.

2.    At all relevant times mentioned herein, Plaintiff KENNETH KENNEDY, was and is a resident of the state of Nevada.

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

3. At all relevant times mentioned herein, Plaintiff ALISSA KING, was and is a resident of the state of Nevada

4. Defendant, CITY OF LAS VEGAS is a political entity formed and operated pursuant to the Nevada Revised Statutes and at all times relevant herein.

5. Defendant CITY OF LAS VEGAS through its Division of Public Safety ("DPS") employed Defendant Officers listed below.

6. Defendant, Officer J. CALOCA, is and was at all times relevant to this Complaint, a citizen of the United States of America, and a resident of the State of Nevada.

7. Defendant, Officer M. FRAZIER, is and was at all times relevant to this Complaint, a citizen of the United States of America, and a resident of the State of Nevada.

8. Defendant, Officer P. WOLDEHAWARIAT, is and was at all times relevant to this Complaint, a citizen of the United States of America, and a resident of the State of Nevada.

9. Defendant, Officer A. PALTAO, is and was at all times relevant to this Complaint, a citizen of the United States of America, and a resident of the State of Nevada.

10. Defendant, Officer J. GALLEGOS, (hereinafter referred to as "Defendant Green"), is and was at all times relevant to this Complaint, a citizen of the United States of America, and a resident of the State of Nevada.

11. Unknown Officers are unknown to Plaintiffs, who, therefore, sue said Defendants by such fictitious names. Plaintiffs allege that each named Defendant and each Defendant herein designated as a Named Unknown Officer is negligent, willfully, maliciously, contractually, vicariously or otherwise legally responsible for the events and happening herein referred to and proximately caused injury and damages to Plaintiffs herein alleged. Plaintiffs will ask leave of this court to insert the true names and capacities of such Defendants when the same have been ascertained, and will further ask leave to join said Defendants in these proceedings.

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

12.     Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

13.     Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

14.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of CITY OF LAS VEGAS.

15.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of Nevada.

**FACTS COMMON TO ALL CAUSES OF ACTION**

16.     All of the Plaintiffs are African American, and moved from the state of Ohio to Las Vegas, Nevada.

17.     MCOY and KING are siblings.

18.     KING and KENNEDY were dating at that time.

19.     The Plaintiffs have family in law enforcement and the military including MCCOY and KING's aunt who was the chief of police in Cleveland, and they have always respected law enforcement.

20.     The officer parties in this case are all employed by the City of Las Vegas, Department of Public Safety ("DPS") as law enforcement officers.

3 of 13

21.     Upon information and belief, Officer Caloca and other officers involved in this matter have had a number of complaints filed against them for excessive force and/or other misconduct in their discharge of their duties as law enforcement officers.

22.     On November 11, 2023, at around 9 p.m., Plaintiffs decided to drive to the Fremont Street Experience to have dinner at a restaurant and walk around.

23.     Pursuant to the report he prepared regarding this incident, at this same time, Caloca was operating as a marked patrol unit around the Fremont Street Experience at 4th St. and Fremont.

24.     While conducting a person stop, Caloca noticed a black Dodge Durango ("the Durango") traveling northbound on 4th Street, and the driver "used his right hand to make gestures as if he was holding a firearm in a threatening manner" and simulated shooting Caloca with his hand.

25.     The black Dodge Durango entered the Neonopolis parking garage.

26.     Close behind the Durango, the Plaintiffs were driving in a gray Hyundai and entered the same parking garage.

27.     Pursuant to surveillance video, the occupants of the Durango are seen going up the elevator to the ground floor, including a black male adult with a bright colored sweater that Caloca had seen making the gun hand gesture.

28.     Plaintiffs got in the same elevator shortly after and when up to the ground level from the parking structure.

29.     When Plaintiffs exited the elevator on the ground floor, there was a group of DPS officers waiting for them.

30.     DPS officers did not stop the black male adult in the colorful sweater who had actually made the hand gesture, but they stopped Plaintiffs.

/ / /

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

31.     Mistakenly, DPS Officers began aggressively questioning Plaintiffs about the hand gestures that they didn't make as the black male adult that made the hand gestures had come out of the elevator shortly before.

32.     Plaintiffs told the officers that they did not make any hand gestures and didn't know anything about it.

33.     Plaintiffs repeatedly asked what kind of car the people doing the hand gestures were in, in trying to assist the officers identify the culprits.

34.     DPS Officers continued to aggressively question Plaintiffs about the hand gestures that they were clueless about.

35.     After speaking with DPS Officers, MCCOY walked away as he was watching a football game on his phone thinking that the interaction was over.

36.     As he walked away, numerous DPS Officers tackled MCCOY from behind, violently slammed him on the concrete, ripped out his hair, drew their firearms and tasers on him, put a knee in his back, and cuffed him.

37.     KING and KENNEDY were shocked and extremely upset that MCCOY was getting arrested as they had done nothing wrong.

38.     After this excessive use of force on an innocent man, DPS Officers paraded MCCOY in handcuffs by hundreds of onlookers on Fremont Street.

39.     KING and KENNEDY followed, understandably very upset at the situation, yelling at officers because they had wrongly battered and detained MCCOY.

40.     KING recorded the incident on her phone.

41.     DPS Officers brought MCCOY to Las Vegas Blvd. where the police car was parked and made MCCOY stand in front of the car as hundreds of onlookers watched.

/ / /

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

42.    KING and KENNEDY attempted to approach MCCOY as he stood by the police car to ask him about his condition after being battered and wrongly detained by the officers.

43.    DPS Officers would not allow KING and KENNEDY to get close to MCCOY.

44.    Another friend of theirs, a white female, who was supposed to meet with KING, KENNEDY, and MCCOY at the Fremont Street Experience, was allowed to walk right up to MCCOY and speak with him.

45.    KING and KENNEDY stayed outside the "perimeter" guarded by the DPS Officers while the improper arrest and detention of MCCOY was taking place.

46.    While outside the perimeter, KENNEDY was filming the situation.

47.    For no reason, numerous DPS Officers tackled KENNEDY, violently slammed him on the concrete, ripped out his hair, put a knee in his back and cuffed him.

48.    KENNEDY was arrested and taken to the Clark County Detention Center and imprisoned based on the false allegations of the DPS Officers.

49.    In his Police Report, Officer JORGE CALOCA makes a number of false statements about the Plaintiffs in order to justify the DPS Officers' illegal behavior.

50.    Upon information and belief, these false statements were made in order to convince the Las Vegas City Attorney's Office and the Clark County District Attorney's Office to file charges against the Plaintiffs.

51.    On November 11, 2023, a Criminal Citation was improperly filed against MCCOY in the City of Las Vegas Municipal Court for Obstructing/False Info to Police Officer.

52.    On December 8, 2023, a Criminal Complaint was improperly filed in the Las Vegas Justice Court against KENNETH KENNEDY for Battery on a Police Officer.

53.    Plaintiffs had to retain counsel to defend against the charges.

/ / /

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

54.    The Complaint in the Las Vegas Justice Court against KENNEDY was dismissed on or about July 17, 2024, after prosecutors properly realized that the charge was bogus.

55.    The Complaint in the Las Vegas Municipal Court was dismissed on or about September 12, 2024, after prosecutors properly realized that the charge was bogus.

**FIRST CLAIM FOR RELIEF**
(Violation of Constitutional Rights 42 U.S.C. §1983)

56.    Plaintiffs incorporate herein by reference the allegations contained above as though fully set forth herein. The Officer Defendants at all times herein were action under the color of law because each was action as a uniformed police officer and acting pursuant to that authority.

57.    The acts by The Officer Defendants, violated the Plaintiffs' right to be free from unreasonable force and unlawful arrest, in violation of the Fourth Amendment, because each Defendants used excessive force upon Plaintiffs by punching them, striking them, throwing them to the ground, pulling out their hair, etc. Additionally, Defendants lacked probable cause to arrest Plaintiffs.

58.    As a direct and proximate result of the acts of The Officer Defendants, Plaintiffs endured pain and further mental suffering, and he was deprived of his constitutional rights all in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

59.    Plaintiffs are entitled to compensatory and exemplary damages resulting from the violation of the aforementioned rights under 42 U.S.C. § 1983 all in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), because the acts of The Officer Defendants, were done maliciously and with conscious and reckless disregard for whether the rights and safety of the Plaintiffs and others would be violated by their acts and/or omissions.

60.    Plaintiffs have been forced to pursue this action in search of justice and to enforce the provisions of 42 U.S.C. § 1983 and is therefore entitled to be awarded reasonable attorney's

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

fees pursuant to 41 U.S.C. § 1988 in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**SECOND CLAIM FOR RELIEF**
(Monell Claim/Violation of Constitutional Rights against CITY OF LAS VEGAS)

61.    Plaintiffs incorporate herein by reference the allegations contained above as though fully set forth herein.

62.    The unconstitutional actions and/or omissions of the individual Defendants, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Las Vegas Metropolitan Police Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers of the Las Vegas Metropolitan Police Department:

a.    To use or tolerate the use of excessive and/or unjustified force;

b.    To fail to use appropriate and generally accepted law enforcement procedures in handling citizens;

c.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

d.    Policy of failing to discipline poorly performing officers;

e.    Tolerating recurring, documented instances of violent and often fatal treatment of people who come in contact with the police, through both the intentional use of deadly force, excessive force and/or through negligent actions;

f.    Failing to maintain a process for identifying and deterring unconstitutional conduct;

g.    Failing to maintain a process for receiving, handling, adjudicating, and announcing the disposition of complaints alleging misconduct or violation of rules, or the excessive use of force;

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

h.      Failing to have a complete set of modern and meaningful policies, practices, or training procedures that effectively prevent the excessive use of force;

i.      Being deliberately indifferent to the Constitutional rights of persons with whom the police come into contact;

j.      Failing to correct lawsuits patterns of misbehavior, which have been revealed, and citizen complaints reveal continuing as if nothing has been corrected in response to prior lawsuits or complaints.

k.      To cover-up violations of constitutional rights by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements, by withholding and/or concealing material information;

l.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

m.      To allow, tolerate, and/or encourage a practice whereby an officer or member of the department does not provide adverse information against a Sergeant or supervisory member of the department;

63.      The unconstitutional actions of the individual Defendants, as described above, were approved, tolerated, and/or ratified by policy-making officials of CITY OF LAS VEGAS. Plaintiffs are informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within CITY OF LAS VEGAS, and that such policy makers have direct knowledge of the fact that the punching and beating of the Plaintiffs was not justified but rather represented an unconstitutional display of unreasonable and excessive force. Notwithstanding this knowledge, the authorized policy makers within CITY OF LAS VEGAS

have approved of the individual Officer Defendants' beating, false declaration, and arrest of Plaintiffs. By so doing, the authorized policy makers within CITY OF LAS VEGAS have shown affirmative agreement with the individual Defendant officers' actions, and have ratified the unconstitutional acts of the individual Defendants.

64.     Defendant CITY OF LAS VEGAS's aforementioned customs, policies, practices, and procedures, as well as Defendant CITY OF LAS VEGAS's unconstitutional approval, ratification and toleration of the wrongful conduct of the individual Defendants, were a moving force and/or proximate cause of the deprivations of Plaintiffs' clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as set forth above.

65.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of the Plaintiffs and others would be violated by their acts and/or omissions

66.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY OF LAS VEGAS and The Officer Defendants, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth herein, and punitive damages against Defendants CITY OF LAS VEGAS and The Officer Defendants in their individual capacities in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**THIRD CLAIM FOR RELIEF**
(Assault and Battery)

67.     Plaintiffs incorporate herein by reference the allegations contained above as though fully set forth herein.

68.     That all individual Defendants made intentional, unlawful, and harmful conduct when each punched, tackled, ripped out the hair of, threw to the ground and choked the Plaintiffs.

69.     That Plaintiffs apprehended each of the individual Defendants' harmful contact immediately prior to each time such unlawful contact was made with the body of Plaintiffs.

70.     That as a direct and proximate cause of the assault and battery described above, the Plaintiffs have suffered physical and emotional injuries, pain and suffering, all to his damage and each of them in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and has also incurred medical treatment all to his damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

71.     The acts, conduct and behavior of Defendants, and each of them, were performed knowingly and intentionally, oppressively and maliciously, by reason of which Plaintiffs are entitled to punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) from each Defendant.

### FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress)

72.     Plaintiffs incorporate herein by reference the allegations contained above as though fully set forth herein.

73.     Plaintiffs were legally and lawfully upon The Fremont Street Experience premises.

74.     That Plaintiffs MCCOY and KENNEDY were assaulted without provocation or reasonable basis when Plaintiffs were punched, tackled, ripped out the hair of, threw to the ground and choked by the Officer Defendants.

75.     The Officer Defendants' use of force was extreme and outrageous.

76.     This use of force caused Plaintiffs to suffer emotional distress and was done intentionally and maliciously.

77.     As a direct and proximate result of the Officer Defendants' intentional infliction of emotional distress upon Plaintiffs, they have incurred special and general damages in an amount

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and is further entitled to punitive damages.

78.    That as a direct result of the acts and omissions of the Defendants, and each of them, Plaintiffs were caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, medical, and lost wages, including but not limited to attorney fees in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

79.    That the acts, conduct and behavior of Defendants, and each of them, were performed intentionally and recklessly, and actions taken by Defendants were extreme and outrageous, causing Plaintiffs to suffer severe emotional distress, by reason of which Plaintiffs is entitled to punitive damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) from each Defendant.

80.    That as a result of these injuries, Plaintiffs have been required to engage in the services of physicians and medical treatment and other persons to care and treat him, all to his damage in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and will continue to incur future medical expenses in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

81.    The acts, conduct and behavior of Defendants, and each of them, were performed knowingly and intentionally, oppressively and maliciously, by reason of which Plaintiffs are entitled to punitive damages in a sum in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) from each Defendant.

/ / /

/ / /

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows as to the Causes of Action where applicable as follows:

1.  for compensatory damages, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

2.  for special damages for medical expenses in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

3.  for punitive damages where applicable, and against all individual Defendants, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

4.  for costs of suit incurred herein;

5.  for reasonable attorney fees and costs of suit, including interest at the highest allowable rate, pursuant to 41 U.S.C. § 1988;

6.  and for such other and further relief as this Court deems just and proper.

Dated this 20th day of February, 2025.

KERR SIMPSON ATTORNEYS AT LAW

/s/ George E. Robinson
P. STERING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
2900 W Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
*Attorneys for Plaintiffs*