Jeffry M. Dorocak, NV Bar No. 13109
Nechole Garcia, NV Bar 12746
Timothy J. Geswein, NV Bar No. 10049
LAS VEGAS CITY ATTORNEY'S OFFICE
495 S. Main Street, 6th Floor
Las Vegas, Nevada 89101
T: (702) 229-6629
*Attorneys for the City of Las Vegas*

United States District Court
District of Nevada

| | |
|---|---|
| Timothy McCoy, Kenneth Kennedy, and Alissa King, | Case No. 2:25-cv-00361-GMN-MDC |
| Plaintiffs, | City's Motion to Dismiss the First Amended Complaint |
| vs. | |
| City of Las Vegas, et al., | |
| Defendants. | |

The City of Las Vegas moves to dismiss the First Amended Complaint, ECF No. 10, as allowed by Rule 12. The Court should dismiss the City from this this Section 1983 case because Plaintiffs have not pled a plausible *Monell* claim against the City, and the City is not liable for the alleged intentional torts under Nevada law.

Points and Authorities

1.0   Summary of the Argument

In this Section 1983 case, Plaintiffs McCoy and Kennedy allege their Constitutional rights were violated when peace officers arrested them. Further, the

Amended Complaint alleges various intentional torts related to the arrests. All Plaintiffs claim that the City is responsible for the alleged Constitutional violations under *Monell*. Plaintiffs also allege the City is responsible for the intentional torts because the City employed the peace officers when the intentional torts were committed. However, the City can have no liability for the alleged actions as a matter of law. Thus, the Court should grant the motion and dismiss the City.

2.0   The Amended Complaint's conclusory allegations.

The Amended Complaint cured some deficiencies the City identified with the original pleading, e.g., the amended pleading removed claims for punitive damages against the immune municipality. However, the amended pleading leaves the operative facts unchanged.

Plaintiffs allege that uniformed peace officers approached them and sought information regarding a criminal act that occurred in an officer's presence. ECF No. 10 at ¶33. During the process, Plaintiff McCoy "walked away" from the officers. *Id*. at ¶37. The officers then arrested McCoy. *See id*. at ¶55 (alleging a charge of "Obstructing/False Into to Police Officer."). While this process was unfolding, Plaintiff Kennedy was arrested for "Battery on a Police Officer." *Id*. at ¶56. McCoy and Kennedy allege that the arrests violated their "right to be free from unreasonable force and unlawful arrest." *Id*. at ¶61. Thus, they allege Constitutional rights violations as well as intentional torts against the peace officers. *See, generally*, ECF No. 11. Plaintiff King, an observer of the arrests, alleges the intentional tort of intentional infliction of emotional distress against the peace officers. *Id*. at ¶¶81-83.

The Amended Complaint claims that the City shares liability with the "Officer Defendants" under *Monell*. ECF No. 10 at ¶67-72. Further, the Amended Complaint claims that the City shares liability for the intentional torts because the



1  City "was the principal or employer" when the intentional torts were committed.
2  *Id*. at ¶¶62, 76, 86, 97.

3.0   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] ... in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id.* (emphasis added). Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal



theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732).

4.0   Argument

Section 1983 actions involve the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To bring a successful Section 1983 claim, a plaintiff must allege a violation of a constitutional right and must show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Here, the City cannot be liable for the alleged Constitutional violations because the mandatory elements to establish municipal liability are not plausibly alleged. Further, the City cannot be liable for any intentional torts by operation of Nevada law. Thus, the Court should grant the motion and dismiss the City.

4.1   The City cannot be liable for the alleged Constitutional violations.

Municipalities can be sued directly under Section 1983 for violations of constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In the Ninth Circuit, a litigant may recover from a municipality under Section 1983 on one of three theories of municipal liability. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of 'omission,' when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making

authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir. 1992)). These three theories are sometimes referred to as 1) commission, 2) omission, and 3) ratification. *See, e.g., Aranda v. City of McMinnville*, 942 F. Supp. 2d 1096, 1109 (D. Or. 2013).

To properly plead a *Monell* claim against a municipality, a plaintiff must: 1) identify the challenged policy or custom; 2) explain how the policy or custom is deficient; 3) explain how the policy or custom caused the plaintiff harm; and 4) reflect how the policy or custom amounted to deliberate indifference, i.e., show how the deficiency involved was obvious and the constitutional injury was likely to occur. *Harvey v. City of South Lake Tahoe*, No. CIV S-10-1653 KJM , 2012 WL 1232420 (E.D. Cal. Apr. 12, 2012). Post-*Iqbal*, a plaintiff cannot rely on conclusory factual allegations. Rather, a plaintiff must allege facts that, if true, show that the defendant had a constitutionally impermissible policy, practice, or custom. *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010). Ultimately, the "description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police. Dept.*, 130 F.3d 162, 167 (5th Cir. 1997).

### 4.1.1  No identification of a specific policy.

An actionable policy or custom can be demonstrated by an "express policy that, when enforced, causes a constitutional deprivation." *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). Here, the Amended Complaint alleges that the City is liable under Monell "for its policies, customs, and failure to train or supervise." ECF No. 10 at ¶67. However, there is no identification of an express policy that, when enforced, caused the alleged



constitutional violations. *See Baxter*, 26 F.3d at 735. Thus, the Amended Complaint fails to plausibly state a claim or to adequately place the City on notice as to the nature of the claim, and the Court should grant the motion.

### 4.1.2   No allegation of a widespread practice.

An actionable policy or custom can be demonstrated by a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled to constitute a 'custom or usage' with the force of law.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Here, the Amended Complaint does not allege that the City has a widespread practice that of constitutional violations such that the widespread practice is a stand-in for an express policy. Indeed, no such "widespread practice" exists. Thus, the Amended Complaint fails to plausibly state a claim or to adequately place the City on notice as to the nature of the claim, and the Court should grant the motion.

### 4.1.3   No final policymaker decision or ratification.

An actionable policy or custom can be demonstrated when the constitutional injury is caused by a person with "final policymaking authority." *See City of St. Louis*, 485 U.S. at 123. Here, the Amended Complaint does not allege that a person with final policymaking authority caused the alleged constitutional harm. Alternatively, an actionable policy or custom can be demonstrated when a final policymaker ratifies the conduct. *See Clouthier*, 591 F.3d at 1250. Although, the Amended Complaint formulaically alleges the City's "approval, ratification, and toleration" of unconstitutional conduct, there is no allegation regarding who made these ratifications and the authority those persons had to act as final policymakers. Thus, the Amended Complaint fails to plausibly state a claim or to

adequately place the City on notice as to the nature of the claim, and the Court should grant the motion.

### 4.1.4 No allegation of a deficient policy or custom.

Not only must the plaintiff identify a specific policy or custom, the plaintiff must explain how the policy or custom is deficient. *Young v. City of Visalia*, 687 F. Supp. 2d 1155, 1163 (E.D. Cal. 2010). Here, the Amended Complaint does not attempt to explain how any of the unidentified policies or customs are deficient. Thus, Amended Complaint fails to plausibly state a claim or to adequately place the City on notice as to the nature of the claim, and the Court should grant the motion.

### 4.1.5 No non-conclusory allegation of causation.

The "existence of a policy, without more, is insufficient to trigger local government liability." *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir.1992). Here, the Amended Complaint offers the conclusory allegation that the "aforementioned customs, policies, practices, and procedures … were a moving force and/or proximate cause of the deprivations of … constitutional rights." ECF No. 10 at ¶69. However, Plaintiffs must show an affirmative link between the policy or custom and the alleged constitutional violation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Further, causation must be specific to the violation alleged, meaning that merely proving an unconstitutional policy, practice, or custom, however loathsome, will not establish liability unless the specific injury alleged relates to the specific unconstitutional policy proved. *Board of County Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). Once each of these elements are met, a plaintiff must further prove that the unconstitutional policy that caused her injury was the result of

something more than mere negligence on the part of the municipality and was instead the result of "deliberate indifference" – a state of mind that requires a heightened level of culpability, even more than mere "indifference." *Id*. at 411. In fact, the *Monell* standard for municipal liability has been interpreted as more restrictive than "common law restrict[ions] [on] private employers' liability for punitive damages." *See* David Jacks Achtenburg, *Taking History Seriously: Municipal Liability Under 42 U.S.C. § 1983 and the Debate Over Respondeat Superior*, 73 FORDHAM L. REV. 2183, 2191 (2005). Proof of a single incident is insufficient to establish a custom or policy. *Tuttle*, 471 U.S. at 821.

Courts routinely dismiss complaints that failed to allege facts and are only made upon conclusory allegations. *See Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (affirming dismissal because "Complaint lacked any factual allegations regarding key elements of the *Monell* claims, or, more specifically, any facts demonstrating that [Plaintiff's] constitutional deprivation was the result of a custom or practice of the [Municipality] or that the custom or practice was the 'moving force' behind the constitutional deprivation."). Like the *Dougherty* Court, other circuits have rejected conclusory allegations. For instance, the Fifth Circuit dismissed a *Monell* claim finding conclusory the following allegation: "[u]pon information and belief, these [due process] deprivations were effected pursuant to City 'policy, practice and/or custom.'" *McClure v. Biesenback*, 355 F. App'x 800, 804 (5th Cir. 2009). Similarly, the Seventh Circuit dismissed a *Monell* claim that alleged, "[The Municipality], through its agents, employees and/or servants, acting under color of law, at the level of official policy, practice, and custom, with deliberate, callous, and conscious indifference to [Plaintiff's] constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint, [the Municipality] had interrelated de facto policies, practices, and customs." *McCauley*



*v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). The *McCauley* Court found that "[t]hese are the legal elements of the various claims [Plaintiff] has asserted; they are not factual allegations and as such contribute nothing to the plausibility analysis under *Twombly/Iqbal*." *Id.* at 618.

Likewise, the Amended Complaint's causation allegation is a "formulaic recitation" that does not contribute to a plausibility analysis; instead, the conclusory allegation requires no assumption of truth. Thus, the Amended Complaint's conclusory causation allegation fails to plausibly state a claim or to adequately place the City on notice as to the nature of the claim, and the Court should grant the motion.

### 4.1.1 No allegation of deliberate indifference.

A plaintiff's last step – after identifying a policy or custom, explaining how the policy or custom is deficient, and showing how the policy or custom caused the constitutional harm – is to reflect how the policy or custom amounted to deliberate indifference. *Young*, 687 F. Supp. 2d at 1163. A single incident of a constitutional violation is unlikely to show a deliberate indifference; instead, the plaintiff must show that the municipality "was on actual or constructive notice that its omission would likely result in a constitutional violation." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012). Here, the Amended Complaint does not attempt to show deliberate indifference. Thus, Amended Complaint fails to plausibly state a claim or to adequately place the City on notice as to the nature of the claim, and the Court should grant the motion.

In sum, a pleading must contain sufficient allegations of underlying facts to give fair notice and to enable the municipality to defend itself effectively. *Starr*, 652 F.3d at 1216. The pleading standard "does not require 'detailed factual



1 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-
2 harmed-me accusation." *Aschcroft v. Iqbal*, 556 U.S. 662, 678
3 (2009) (quoting *Twombly*, 550 U.S. at 555). Here, the Amended Complaint fails to
4 allege facts that meet pleading requirements and to thereby state a plausible claim
5 for *Monell* liability. Indeed, the pleading's failure to address mandatory elements
6 does not establish possibility, much less plausibility, as required by Rule 12
7 authorities. Thus, the Court should grant the motion and dismiss the City from this
8 action.

10   4.2   The City is not liable for the alleged intentional torts.
11      In addition to the Section 1983 claim, Plaintiffs allege three
12 intentional torts: assault and battery, intentional infliction of emotional distress,
13 and false imprisonment/arrest. ECF No. 10. The Amended Complaint claims that
14 the City shares liability for the intentional torts because the City "was the principal
15 or employer" when the intentional torts were committed. *Id*. at ¶¶62, 76, 86, 97.
16 However, state law applies to the federal court's analysis of state-law claims, and
17 Nevada law provides that an employer is responsible for an employee's acts in
18 narrow circumstances.
19   In Nevada, an employer will not be held liable for harm arising from its
20 employee's intentional torts if the employee's conduct: 1) "[w]as a truly
21 independent venture of the employee;" 2) "[w]as not committed in the course of
22 the very task assigned to the employee;" and 3) "[w]as not reasonably foreseeable
23 under the facts and circumstances of the case considering the nature and scope of
24 his or her employment." NRS 41.745(1). Further, the "conduct of an employee is
25 reasonably foreseeable if a person of ordinary intelligence and prudence could
26 have reasonably anticipated the conduct and the probability of injury." *Id*.
27   Here, the Amended Complaint ignores NRS 41.745's requirements; instead,
28



the pleading simply asserts that the City shares liability with the peace officers merely because the City is their employer. Thus, as a matter of law, the pleading cannot plausibly state a claim for shared liability because it ignores Nevada law.

Further, even a cursory analysis of the three required elements shows that the City cannot share liability for the alleged intentional torts. For instance, accepting the intentional tort allegations as true, then the intentional torts were independent ventures by the peace officers because nothing authorizes a peace officer to commit intentional torts. Additionally, the City did not give any person the task of committing intentional torts. Finally, it is not foreseeable that peace officers would engage in intentional torts such that the actions could be reasonably anticipated.

Thus, NRS 41.475 protects the City from sharing liability with the peace officers for their alleged intentional torts, and the Court should grant the motion.

5.0    Conclusion

Plaintiffs fail to state a plausible claim against the City for the alleged actions of peace officers employed by the City. The *Monell* claim, which attempts to cause the City to share liability for alleged Constitutional violations, fails because the pleading does not allege non-conclusory allegations. Likewise, the attempt to force the City to share any liability for intentional torts fails because of the operation of Nevada law. Thus, the Court should grant the motion and dismiss the City from this action.

Dated: May 5, 2025.

Jeffry M. Dorocak, Esq.
CITY ATTORNEY

/s/ Timothy J. Geswein
DEPUTY CITY ATTORNEY
*Attorneys for the City of Las Vegas*

