P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
KERR SIMPSON ATTORNEYS AT LAW
2900 Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451–2055
sterling@kerrsimpsonlaw.com
george@kerrsimpsonlaw.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIMOTHY MCCOY, an individual; KENNETH KENNEDY, an individual; ALISSA KING, an individual;<br><br>Plaintiffs,<br>v.<br><br>CITY OF LAS VEGAS, a political entity; Officer JORGE CALOCA, an individual; Officer MAURICE FRAZIER an individual; Officer DAGMAWE WOLDEHAWARIAT, an individual; Officer ALBERT PALTAO, an individual; Officer JONATHAN GALLEGOS, an individual; Officer SERGIO GUZMAN, an individual,<br><br>Defendants. | Case No.: 2:25-cv-361<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF LAS VEGAS MOTION TO DISMISS FIRST AMENDED COMPLAINT (ECF 13)** |

Plaintiffs TIMOTHY MCCOY, KENNETH KENNEDY, and ALISSA KING (hereinafter "Plaintiffs") and through their undersigned counsel of record, the law firm of Kerr Simpson Attorneys at Law, hereby respectfully submit this Response to Defendant CITY OF LAS VEGAS' Motion to Dismiss the First Amended Complaint. This Response is made and based upon the pleadings and papers on file herein and the below Memorandum of Points and

/ / /

/ / /

Authorities.

Dated this 19th day of May, 2025.

KERR SIMPSON ATTORNEYS AT LAW

/s/ George E. Robinson
P. STERLING KERR, ESQ.
Nevada Bar No. 3978
GEORGE E. ROBINSON, ESQ.
Nevada Bar No. 9667
2900 W Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
*Attorneys for Plaintiffs*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

The First Amended Complaint (ECF 10) addresses the incompetence and brutal misconduct of the City of Las Vegas' (or "the City") law enforcement officers. The claims for Violation of Constitutional Rights 42 U.S.C. §1983, Monell Claim/Violation of Constitutional Rights, Assault and Battery, Intentional Infliction of Emotional Distress, and False Imprisonment are properly pleaded pursuant to FRCP 8. The Motion to Dismiss should be denied in its entirety, and the Plaintiffs should be able to conduct discovery on and prove their allegations against the City.

### II. FACTS[1]

On November 11, 2023, at around 9 p.m., Plaintiffs decided to drive to the Fremont Street Experience to have dinner at a restaurant and walk around. Pursuant to the report he prepared regarding this incident, at this same time, Caloca was operating as a marked patrol unit around the Fremont Street Experience at 4th St. and Fremont.

While conducting a person stop, Caloca noticed a black Dodge Durango ("the Durango") traveling northbound on 4th Street, and the driver "used his right hand to make gestures as if he was holding a firearm in a threatening manner" and simulated shooting Caloca with his hand. The

---

[1] Facts are taken from the First Amended Complaint (ECF 10 at §24-59

black Dodge Durango entered the Neonopolis parking garage. Close behind the Durango, the Plaintiffs were driving in a gray Hyundai and entered the same parking garage.

Pursuant to surveillance video, the occupants of the Durango are seen going up the elevator to the ground floor, including a black male adult with a bright colored sweater that Caloca had seen making the gun hand gesture. Plaintiffs got in the same elevator shortly after and went up to the ground level from the parking structure. When Plaintiffs exited the elevator on the ground floor, there was a group of The Officer Defendants waiting for them. The Officer Defendants did not stop the black male adult in the colorful sweater who had actually made the hand gesture, but they stopped Plaintiffs. Mistakenly, The Officer Defendants began aggressively questioning Plaintiffs about the hand gestures that they didn't make as the black male adult that made the hand gestures had come out of the elevator shortly before. Plaintiffs told the officers that they did not make any hand gestures and didn't know anything about it. Plaintiffs repeatedly asked what kind of car the people doing the hand gestures were in, in trying to assist the officers to identify the culprits. The Officer Defendants continued to aggressively question Plaintiffs about the hand gestures that they were clueless about.

After speaking with The Officer Defendants, MCCOY walked away as he was watching a football game on his phone thinking that the interaction was over. As he walked away, numerous The Officer Defendants tackled MCCOY from behind, violently slammed him on the concrete, ripped out his hair, drew their firearms and tasers on him, put a knee in his back, and cuffed him. KING was walking in the same group and inches away when her brother, McCOY, was violently attacked from behind by The Officer Defendants. KING and KENNEDY were shocked and extremely upset that MCCOY was getting arrested as they had done nothing wrong. After this excessive use of force on an innocent man, The Officer Defendants paraded MCCOY in handcuffs by hundreds of onlookers on Fremont Street.

KING and KENNEDY followed, understandably very upset at the situation, yelling at officers because they had wrongly battered and detained MCCOY. KING recorded the incident on her phone. The Officer Defendants brought MCCOY to Las Vegas Blvd. where the police car was parked and made MCCOY stand in front of the car as hundreds of onlookers watched.

KING and KENNEDY attempted to approach MCCOY as he stood by the police car to ask him about his condition after being battered and wrongly detained by the officers.

The Officer Defendants would not allow KING and KENNEDY to get close to MCCOY. Another friend of theirs, a white female, who was supposed to meet with KING, KENNEDY, and MCCOY at the Fremont Street Experience, was allowed to walk right up to MCCOY and speak with him. KING and KENNEDY stayed outside the "perimeter" guarded by the The Officer Defendants while the improper arrest and detention of MCCOY was taking place.

While outside the perimeter, KENNEDY was filming the situation. For no reason, Guzman and numerous The Officer Defendants tackled KENNEDY, violently slammed him on the concrete, ripped out his hair, put a knee in his back and cuffed him. KING was close to her boyfriend, KENNEDY, when he was violently attacked by The Officer Defendants while questioning The Officer Defendants about the arrest of McCOY. KENNEDY was arrested and taken to the Clark County Detention Center and imprisoned based on the false allegations of the The Officer Defendants.

In his Police Report, Officer JORGE CALOCA makes a number of false statements about the Plaintiffs in order to justify the The Officer Defendants' illegal behavior. Upon information and belief, these false statements were made in order to convince the Las Vegas City Attorney's Office and the Clark County District Attorney's Office to file charges against the Plaintiffs. On November 11, 2023, a Criminal Citation was improperly filed against MCCOY in the City of Las Vegas Municipal Court for Obstructing/False Info to Police Officer.

On December 8, 2023, a Criminal Complaint was improperly filed in the Las Vegas Justice Court against KENNETH KENNEDY for Battery on a Police Officer. Plaintiffs had to retain counsel to defend against the charges. The Complaint in the Las Vegas Justice Court against KENNEDY was dismissed on or about July 17, 2024, after prosecutors properly realized that the charge was bogus. The Complaint in the Las Vegas Municipal Court was dismissed on or about September 12, 2024, after prosecutors properly realized that the charge was bogus.

///

///

### III. LEGAL STANDARD

According to FRCP 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action. . . " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (internal quotations omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). This rule does "not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The pleadings need only give the opposing party fair notice of a claim and the claim's basis. *Conley*, 355 U.S. at 47, 78 S.Ct. 99; *Sagana*, 384 F.3d at 736; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir.2001). The pleadings are to "be construed as to do substantial justice," and "no technical forms of pleading ... are required." Fed. Rules Civ. Pro. 8(e)(1), 8(f); *Sagana*, 384 F.3d at 736; *Fontana*, 262 F.3d at 877.

Where the complaint permits the court to infer more than the mere possibility of misconduct, the complaint has "alleged - but not shown - that the pleader is entitled to relief." *Id*. at 679 (internal quotations omitted). When the allegations in a complaint have crossed the line from conceivable to plausible, plaintiff's claim must survive. *See Twombly*, 550 U.S. at 570.

### IV.   ANALYSIS

A. <u>THE CONSTITUTIONAL VIOLATIONS BY THE CITY OF LAS VEGAS ARE PROPERLY PLEADED AND SHOULD NOT BE DISMISSED</u>

The City's Motion is a confusing mishmash of binding and unbinding authority form around the Country. This is clearly done to distract this Court from the sufficient allegations in

the Amended Complaint where the Plaintiffs' rights were clearly violated, and the City's responsibility for the Officer's misconduct.

42 USC 1983 states:

"[A]ny person who, under color of any law, statute, ordinance, regulation, custom, or usage of any State, shall subject, or cause to be subjected, any person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall, any such law, statute, ordinance, regulation, custom, or usage of the State to the contrary notwithstanding, be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . . ."

As cited to by the City of Las Vegas in its Motion to Dismiss, the Ninth Circuit in *Clouthier v. County of Contra Costa* states,

a local government may be held liable under § 1983 for acts of "omission," when such omissions amount to the local government's own official policy. *Id.* ("[A]cts of omission, as well as commission, may constitute the predicate for a finding of liability under section 1983."). To impose liability on a local government for failure to adequately train its employees, the government's omission must amount to "deliberate indifference" to a constitutional right. This standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris,* 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). For example, if police activities in arresting fleeing felons "so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers," then the city's failure to train may constitute "deliberate indifference." *Id.* at 390 n. 10, 109 S.Ct. 1197.

*Clouthier v. County of Contra Costa*, 591 F. 3d 1232 - Court of Appeals, 9th Circuit 2010.

The facts of the *Clouthier* case are significantly different from this situation. In *Clouthier*, a California county was sued after an inmate was evaluated by mental health professionals and found to be suicidal. *Id*. at 1237. The inmate was reevaluated at a later time by another mental health professional as not suicidal. *Id*. at 1239. The inmate then killed himself. *Id*. at 1240. Additionally, the *Clouthier* court evaluated grant of summary judgment, not a Motion to Dismiss. *Id*. at 1236. The Ninth Circuit decided, "…the Clouthiers failed to adduce evidence that the County was on actual or constructive notice of a problem with mental health understaffing that would amount to a constitutional tort. Further, there was no evidence that this alleged understaffing

problem led to repeated violations of inmates' constitutional rights or that the County was aware of and acquiesced in a pattern of constitutional violations." *Id*. at 1253.

Unlike the decision in the *Clouthier* case, the Amended Complaint specifically refers to the Officer Defendants' frequent and continued misconduct regarding the treatment of people similarly situated. That is all that the Plaintiffs should have to state at this stage of this case. The Amended Complaint states,

> 23. Upon information and belief, Officer Caloca, Guzman and other officers involved in this matter have had a number of complaints filed against them for excessive force and/or other misconduct in their discharge of their duties as law enforcement officers.
> …

The allegation clearly states that the City's Officers have often violated people's constitutional rights as to constitute deliberate indifference under *Clouthier* by making the allegation that complaints had been filed against these officers on numerous occasions and the City had knowledge of these complaints. (ECF 10 at §68 and 69) The Plaintiffs' allegation should be taken as true at this stage of the matter and there is a clear allegation that the Officers involved were committing these abuses and the City was aware of it. The analysis of the facts of the City's policies and awareness should not be challenged at this Motion to Dismiss stage as the Plaintiffs are unaware of the factual details, unlike the *Clouthier* case where fact finding had been completed.

The City's piecemeal claim that the Amended Complaint does not have sufficient specificity does not take into account that the Amended Complaint states that numerous complaints had been filed against these Officers. *See above*. These are not conclusory allegations. A "complaint" against an Officer implies that there is a policy that allows for a process that similarly situated individuals go through to address their grievances with the governmental body in control of the employee in question. At this stage, Plaintiffs are currently unaware of the details of these policies and the complaints that have been made, and the Plaintiffs should not be under an obligation to provide these details pursuant to FRCP and the corresponding cases listed above.

Therefore, the constitutional claims made against the City should survive this Motion to Dismiss as they have been sufficiently pleaded pursuant to FRCP 8.

B. <u>THE CITY SHOULD BE RESPONSIBLE FOR THE INTENTIONAL TORTS COMMITTED BY THE OFFICERS</u>

The City attempts to make the argument that it should not be liable for the intentional torts of its Officers in this situation. This is a baseless argument. The Nevada statute regarding vicarious liability is NRS 41.745. It states,

> 1. An employer is not liable for harm or injury caused by the intentional conduct of an employee if the conduct of the employee:
>
> (a) Was a truly independent venture of the employee;
>
> (b) Was not committed in the course of the very task assigned to the employee; and
>
> (c) Was not reasonably foreseeable under the facts and circumstances of the case considering the nature and scope of his or her employment.
>
> For the purposes of this subsection, conduct of an employee is reasonably foreseeable if a person of ordinary intelligence and prudence could have reasonably anticipated the conduct and the probability of injury.

The Nevada Supreme Court has numerous opinions where employers were held to be responsible for the intentional torts of their employees. In the *Prell* case, a dealer punched a blackjack player after the blackjack player called him derogatory names. *Prell Hotel Corp. v. Antonacci*, 469 P. 2d 399 - Nev: Supreme Court 1970. The Court analyzed the facts stating "The dealer did not leave his position behind the 21 table to accomplish the assault and battery. His willful tort occurred within the scope of the very task assigned to him, that of dealing "21." In these circumstances the employer is responsible." *Id*. In the *Anderson v. Mandalay Corp.* case, Mandalay employed a House Person who cleaned and serviced guest rooms. 358 P. 3d 242 - Nev: Supreme Court 2015. The House Person raped a hotel guest. *Id*. The court stated that it was reasonably foreseeable by Mandalay Bay that a guest could be raped by the House Person. *Id*. at

246.

The City's arguments that it could not be responsible in this instance for the Officer's intentional torts are weak and half-hearted. The argument that the torts "were independent ventures by the peace officers because nothing authorizes a peace officer to commit intentional torts" is nonsensical. By this reasoning, no employer would be responsible for any intentional tort. Mandalay Bay didn't authorize a rape, and the Prell Hotel didn't authorize its dealer to punch people in those cases, but those employers could be held liable under the statute. Actually, the City fails to complete any of the elements of the statute that would negate its liability. The intentional torts were committed while on patrol as Officers completing the tasks that they were assigned by the City at the Fremont Street Experience. (ECF 10 at § 25) To state, that it is not reasonably foreseeable that Officers would commit intentional torts against people while on patrol is to discount the nature of being police officer, which involves violence, and would completely fail to remember high profile occurrences of Officers around the country committing intentional torts like the Rodney King, George Floyd, and many other situations around the country. Therefore the intentional torts claims should not be dismissed as they have been properly pleaded. The Motion to Dismiss should be denied.

C. <u>LEAVE TO AMEND SHOULD BE GRANTED TO REMEDY ANY DEFIENCIES IN THE COMPLAINT</u>

FRCP 15(a) directs that leave shall be freely given to amend a pleading when justice so requires. Insofar as this Court finds Plaintiff's Amended Complaint to be insufficiently pleaded pursuant to FRCP 8, Plaintiffs request leave of this Court to amend the Complaint accordingly.

V. **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Court deny the City's Motion to Dismiss as the Plaintiffs have properly pleaded their claims pursuant to FRCP 8 and

the corresponding case law.  In the alternative, the Plaintiffs ask for leave to amend to rectify any deficiencies in the Amended Complaint

Dated this 19th day of May, 2025.

                KERR SIMPSON ATTORNEYS AT LAW

                /s/ George E. Robinson
                P. STERLING KERR, ESQ.
                Nevada Bar No. 3978
                GEORGE E. ROBINSON, ESQ.
                Nevada Bar No. 9667
                2900 W Horizon Ridge Parkway, Suite 200
                Henderson, Nevada 89052
                *Attorneys for Plaintiffs*

KERR SIMPSON ATTORNEYS AT LAW
2900 W. Horizon Ridge Parkway, Suite 200, Henderson, Nevada 89052
Telephone: (702) 451-2055 Facsimile: (702) 451-2077

# CERTIFICATE OF SERVICE

The undersigned hereby certifies on May 19, 2025, a true and correct copy of the **RESPONSE TO DEFENDANT CITY OF LAS VEGAS MOTION TO DISMISS AMENDED COMPLAINT** was served to the following at their last known address(es), facsimile numbers and/or e-mail/other electronic means, pursuant to:

    X     **BY E-MAIL AND/OR ELECTRONIC MEANS**: F.R.C.P. 5(b)(2)(D) and addresses (s) having consented to electronic service, I via e-mail or other electronic means to the e-mail address(es) of the addressee(s).

Jeffry M. Dorocak, NV Bar No. 13109
Nechole Garcia, NV Bar 12746
Timothy J. Geswein, NV Bar No. 10049
LAS VEGAS CITY ATTORNEY'S OFFICE
495 S. Main Street, 6th Floor
Las Vegas, Nevada 89101
T: (702) 229-6629
*Attorneys for the City of Las Vegas*

        /s/ Jennifer Hogan
An employee of the KERR SIMPSON ATTORNEYS AT LAW