# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Timothy McCoy, et al., | 2:25-cv-00361-GMN-MDC |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SERVE BY PUBLICATION AND EXTEND TIME FOR SERVICE (ECF No. 24)** |
| vs. | |
| City of Las Vegas, et al., | |
| Defendant(s). | |

Plaintiffs filed a *Motion to Serve by Publication and Extend Time for Service.* ("Motion"). *ECF No. 24*. The Court GRANTS the Motion IN PART. The Court will allow plaintiff until **September 1, 2025** to serve the defendants but denies the request to serve by publication without prejudice since service by publication is a last resort.

## I.    LEGAL STANDARD

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Other courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service

by publication rarely results in actual notice." *Id.* (citation and quotation marks omitted). District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

## II.    ANALYSIS

Plaintiffs argue in their Motion that they have been unable to serve two individual defendant Officers Jonathan Gallegos and Sergio Guzman. *ECF No. 24*. Plaintiffs argue that they have attempted to search for the addresses of the officers, but they have been unsuccessful. Plaintiffs ask the Court to be allowed to serve these two officers by publication. Plaintiffs submit an affidavit from a process server that states that he has been unable to identify any addresses for the officers. *ECF No. 24-1*. Plaintiffs' counsel's declaration states that, "[a]s of May 8th, and May 13th through May 20, 2025, Plaintiffs have, on multiple occasions, attempted to locate JG & SG and were not able to do so." *ECF No. 24 at 6*.

Plaintiffs' asserted efforts, however, require more detail and development. Counsel does not articulate or describe how they attempted service on the officers on those dates. The process server researched different public and online records but had no leads on addresses. The process server states that some search options require more qualifiers, presumably to conduct a better search, but does not identify what such qualifiers may be and why they are not available. *See e.g., ECF No. 24-1 at* ¶4. Plaintiffs state that they believe that the defendant officers "cannot be found within the State of Nevada" but ask to serve the officers by publication in Nevada Legal News. *ECF No. 24-1*. The Court finds that plaintiffs have not shown sufficient diligence in attempting to serve the defendant officers to support that service by publication, the last resort, is appropriate. Plaintiff's counsel has not shown that they

took discovery, for example, from the other defendants regarding locating the individual officers, who are or were employed by defendant the City of Las Vegas Department of Public Safety. Counsel has not investigated other likely sources of information to locate and serve the defendants prior to seeking the last resort of service by publication. The Court has broad discretion to permit an extension under Rule 4. The defendants will not be prejudiced by a reasonable extension.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Serve by Publication Or Alternative Means And Extend Time for Service* (ECF No. 24) is GRANTED AND DENIED IN PART.

2. Plaintiff's request to serve the defendant by publication is DENIED WITHOUT PREJUDICE.

3. Plaintiff's request for an extension of time to serve the defendants is GRANTED: plaintiff has until **September 1, 2025**, to serve the defendants or seek a further extension consistent with this order.

DATED: August 1, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge