Jeffry M. Dorocak, NV Bar No. 13109
Nechole Garcia, NV Bar 12746
Timothy J. Geswein, NV Bar No. 10049
LAS VEGAS CITY ATTORNEY'S OFFICE
495 S. Main Street, 6th Floor
Las Vegas, Nevada 89101
T: (702) 229-6629
*Attorneys for Defendants*

United States District Court
District of Nevada

| | |
|---|---|
| Timothy McCoy, Kenneth Kennedy, and Alissa King, <br><br> Plaintiffs, <br><br> vs. <br><br> City of Las Vegas, et al., <br><br> Defendants. | Case No. 2:25-cv-00361-GMN-MDC <br><br> Marshals' Motion to Dismiss the First Amended Complaint |

Defendants Jorge Caloca, Maurice Frazier, Dagmawe Woldehawariat, Albert Paltao, Jonathan Gallegos, and Sergio Guzman (the "Marshals") move to dismiss the First Amended Complaint, ECF No. 10, as allowed by Rule 12. The Court should dismiss the pleading because Plaintiffs have not pled a plausible claim against the Marshals.

Points and Authorities

1.0   Summary of the Argument

In this Section 1983 case, Plaintiffs McCoy and Kennedy allege their Constitutional rights were violated when peace officers arrested them. Further, the

Amended Complaint alleges various intentional torts related to the arrests. However, Plaintiffs fail to identify the specific acts committed by each Marshal that could lead to Section 1983 liability. Likewise, there is no specific identification of which Marshal allegedly committed intentional torts. Thus, the Court should grant the motion and dismiss the Marshals.

2.0   The Amended Complaint's conclusory allegations.

Plaintiffs allege that uniformed peace officers approached them and sought information regarding a criminal act that occurred in an officer's presence. ECF No. 10 at ¶33. During the process, Plaintiff McCoy "walked away" from the officers. *Id*. at ¶37. The officers then arrested McCoy. *See id*. at ¶55 (alleging a charge of "Obstructing/False Info to Police Officer."). While this process was unfolding, Plaintiff Kennedy was arrested for "Battery on a Police Officer." *Id*. at ¶56. McCoy and Kennedy allege that the arrests violated their "right to be free from unreasonable force and unlawful arrest." *Id*. at ¶61. Thus, they allege Constitutional rights violations as well as intentional torts against the peace officers. *See generally*, ECF No. 10. Plaintiff King, an observer of the arrests, alleges the intentional tort of intentional infliction of emotional distress against the peace officers. *Id*. at ¶¶81-83.

3.0   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal

sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] ... in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id.* (emphasis added). Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732).

4.0    Argument

Section 1983 actions involve the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To bring a successful Section 1983 claim, a plaintiff must allege a violation of a constitutional right and must show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant deprives another of a constitutional right if the defendant "does an affirmative act,

participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and alterations in original) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.* Thus, the plaintiff in a Section 1983 suit "must plead that each Government-official defendant, though his own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676. Here, the pleading's failure to identify specific violations by specific Marshals deprives the Marshals of notice and thereby offer a defense to the Section 1983 claims as well as the intentional torts.

    4.1    The Marshals committing Section 1983 violations must be identified.

A plaintiff suing an officer under Section 1983 must allege specific constitutional violations because the core of a Section 1983 claim is that the defendant, while acting "under color of state law," deprived the plaintiff of rights, privileges, or immunities secured by the U.S. Constitution or federal law. 42 U.S.C. § 1983. The plaintiff must identify the specific constitutional right that was allegedly violated by each actor. *See Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) (affirming a trial judge's decision to not offer a "team liability" instruction was not error) (citing *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996)) (a team liability instruction that does not require any individual liability is improper because it allows a jury to find a defendant liable on the ground that even if the defendant had no role in the unlawful conduct, he would nonetheless be guilty if the conduct was the result of a "team effort."). Alleging specific violations helps to define the nature of the harm suffered by the plaintiff. The requirement for a

specific constitutional violation is crucial for establishing whether the officer's conduct caused a constitutional harm.

Here, the First Amended Complaint only offers generalities and catchall allegations against the six Marshals. *See, e.g.,* ECF No. 10 at ¶61 (alleging that "each [Marshal] used excessive force upon Plaintiffs"). At no point does the pleading identify which Marshal did what to whom. It is unambiguous that the Marshals arrived at different times. It is unambiguous that different Marshals arrested Plaintiff McCoy and Plaintiff Kennedy. It is unambiguous that no Marshal arrested Plaintiff King. Thus, the sweeping allegations fail to put each Marshal on notice of how that Marshall allegedly violated a constitutional right. Without this information, each Marshal must speculate as to how to offer a defense, including the defense of qualified immunity. Thus, the Court should grant the motion and dismiss the Marshals.

### 4.2 The Marshals committing intentional torts must be identified.

Similarly, the intentional tort allegations clump the individual Marshals into identical and simultaneous conduct. ECF No. 10 at ¶74 ("The [Marshals] made intentional, unlawful contact when each" arrested McCoy and Kennedy); *id*. at ¶74 (alleging King was "close to her boyfriend, Kennedy, when he was violently attacked by the [Marshals]"). These overbroad allegations of intentional misconduct are improper because intentional torts are committed by individuals. *See Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself.") (citing RESTATEMENT (SECOND) OF TORTS § 8A, Comment *a,* p. 15 (1964)). Once again, the pleading's lack of specificity amounts to a lack of notice that denies the Marshals an opportunity to formulate a defense. Thus, the Court should grant the motion and dismiss the Marshals.

## 5.0 Conclusion

Plaintiffs allege vague and conclusory allegations against the individual Marshals such that no one is on notice of the claim. Without this notice, the individual Marshals cannot formulate a defense. Indeed, the pleading's failure to identify specific violations by specific Marshals implicitly asserts an improper "team effort" allegation, which should go unrewarded. Thus, the Court should grant the motion and dismiss the suit against the individual Marshals.

Dated: September 11, 2025.

Jeffry M. Dorocak, Esq.
CITY ATTORNEY

*/s/ Timothy J. Geswein*
DEPUTY CITY ATTORNEY
*Attorneys for Defendants*