Jeffry M. Dorocak, NV Bar No. 13109
Nechole Garcia, NV Bar 12746
Timothy J. Geswein, NV Bar No. 10049
LAS VEGAS CITY ATTORNEY'S OFFICE
495 S. Main Street, 6th Floor
Las Vegas, Nevada 89101
T: (702) 229-6629
*Attorneys for Defendants*

United States District Court
District of Nevada

| | |
|---|---|
| Timothy McCoy, Kenneth Kennedy, and Alissa King, | Case No. 2:25-cv-00361-GMN-MDC |
| Plaintiffs, | Marshals' Reply in Support of Motion to Dismiss the First Amended Complaint [ECF No. 35] |
| vs. | |
| City of Las Vegas, et al., | |
| Defendants. | |

    The Response asserts that the "grouping of the 'Officer Defendants' is sufficient at the pleadings stage." ECF No. 40 at 7:16-18. To make this argument, the Response draws the wrong conclusions from *Jones*, which considered jury instructions, and *Leer*, which considered summary judgment. *Id*. at 6:14 – 8:15 (considering *Jones v. Williams*, 297 F.3d 930 (9th Cir. 2002) and *Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988)). The issue is not the evidentiary standard to apply, but rather the notice given to the individually named Marshals.

    The notion of dismissing a lawsuit when a plaintiff has not sufficiently alleged who violated the constitutional right is not novel. Indeed, as recently as 2024, federal courts in California dismissed complaints for failure to specifically allege who deprived the plaintiff of a constitutional right. *See Smith v. City of Marina*, 709 F. Supp. 3d 926, 933 (N.D. Cal. 2024) (granting motion to dismiss

based on broad allegations of team liability); *Velasquez v. City of Hayward*, Case 24-cv-01221-TSH, 2024 WL 4780887, at *4 (N.D. Cal. Nov. 13, 2024) (dismissal granted because plaintiff failed to identify who allegedly violated his constitutional rights and offered "no specific facts to state a plausible claim against the named officers").

Specificity in the allegations is important because "a police officer who is merely a bystander to his colleagues' conduct cannot be found to have caused an injury." *Monteilh v. County of Los Angeles*, 820 F. Supp. 2d 1081, 1089 (C.D. Cal. 2011). "Instead, a plaintiff must 'establish the integral participation' of the officers in the alleged constitutional violation." *Id.* (citing *Jones*, 297 F.3d at 935). "Officers are not integral participants simply by the virtue of being present at the scene of an alleged unlawful act." *Id.*

Here, the First Amended Complaint sidesteps allegation clarity. Although the pleading references two Marshals, the wrongdoing is generally alleged against six named Marshals, presumably because they were at the scene. *See, e.g.*, ECF No. 10 at ¶61 ("The acts by The Officer Defendants, violated the Plaintiffs' right to be free of unreasonable force and unlawful arrest."). This type of catchall allegation does not provide proper notice and attempts to make bystanders liable for the alleged actions of others.

In conclusion, the Court should give no weight to the Response because it does not justify the First Amended Complaint's failure to make specific allegations against specific Marshals. Ultimately, the pleading omits facts required to put the individual Marshals on proper notice. Thus, the Court should grant the motion.

Dated: October 13, 2025.

        Jeffry M. Dorocak, Esq.
        CITY ATTORNEY

        */s/ Timothy J. Geswein*
        Attorneys for Defendants